Chief Justice Robertson,
delivered the opinion of the Court-Judge Nicholas did not sit.
Moodv’s administrator having obtained a verdict against Pearce for $200 in damages in an action on the case for fraud, in the sale of a “jack-ass,” Pearce moved for a new trial, on two grounds — 1st, that the verdict was not authorised by the evidence; 2d, that he had discovered, after the trial, that three of the jurors were aliens or unnaturalized citizens.
• The verdict was set aside and a new trial awarded, on tire last ground. Afterwards, with the permission of the court, hut without the consent of the .plaintiff, the statute of limitations was pleaded; and thereupon a jury, sworn t,o try lire issue of not guilty, and an issue on the statute of limitations, found a verdict for the defendant which.the court refused to set aside on the motion of the plaintiff for a new trial. *222 The only question presented by this writ of erro?, is whether or not the circuit court erred in grunting tine new trial to the defendants? (Ror we cannot • decide that, in allowing the statute of limitations to be pleaded, the circuit court abused its discretion.)
Qcáeíal rule Vs, that whatever would have been good cause of challenge may, if unknown at the prnpor time for a challenge, be sufficient cause fot a new trial.
Whether discovery after the trial thut some of the jury were 'aliens or unnaturalized citizen», is sufficient ground lor a iiniv triul1 •Qnajre1}
Whether the second ground for a new trial w&s-sufficient, is a vexed question not clearly settled,' so* far as we know, by authority. The only decision which we have seen directly on the point was given by the supreme court of Pennsylvania, in the case of Hollingsworth vs. Duane, 4th Dallas, 353-4. In that case the court decided, after a survey of numerous authorities, that after verdict, the fact, that one of the jurors was an alien, was not, per se, good cause for a new trial; and an examination of the authorities cited in that case, would incline us to the' opinion, that the reason which influenced the decision was that, after a fair trial on the merits, a technical objection to a juror not affecting his capacity or his impartiality, should not be allowed to disturb the verdict. Whether this be a sufficient reason for the exception thus made by the court of Pennsylvania from the general rule that whatever would have been good cause of challenge' may, if unknown at the proper time for challenge, be sufficient cause for a new trial, we shall not now determine. Supposing that no other point was presented by the record, w;e ordered a supercedeas. But a move careful examination of the evidence exhibited by the bill of exceptions has resulted in the conviction that the facts proved on the first trial did not justify the first verdict, and that, therefore, an opinion on the sufficiency or insufficiency of the second ground for a new trial, is not indispensable to the decision of this case, and we shall therefore reserve a decision of that question until a more suitable occasion shall occur, when the court may be full.
There was no proof of the nature of the contract, nor of the price given for the jack; nor of his value if he had been unexceptionable. Consequently there is nothing in the record to shew that the jury had a right to assess the damages to the amount of $200, *223 because Hie nature and extent of the alledged injury had not been proved; and no. facts appeared winch furnished any criterion for the assessment of dam-
Rudd, for plaintiff.

'ages.

Wherefore, whether the circuit court assigned a sufficient or an insufficient reason for setting the first verdict, its judgment was right, and the ¿new trial was proper.
Judgment affirmed.